■ CYNTHIA A. R. ROE, Appellant, v ROBERT BATSON, Respondent.—In an action on a contract, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, entered September 7, 1977, as denied her motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. No opinion. Latham, Damiani and Titone, JJ., concur; Hopkins, J. P., dissents and votes to reverse the order insofar as it has been appealed from, grant plaintiff's motion for summary judgment and direct an assessment of damages, with the following memorandum: A child was born to the plaintiff on November 6, 1966. On February 20, 1967 the defendant consented to the entry on the child's birth certificate of the fact that he was the father of the child, and the birth certificate was so amended. On February 28, 1967 the defendant agreed in writing to pay the plaintiff's expenses incident to the birth, the expenses of the child from birth to the date of the agreement, and the sum of $15 weekly for the support of the child until she attained the age of 21, or the plaintiff married, whichever was sooner. This action is brought to recover the sum of $8,065, representing arrears under the agreement since its inception, less the sum of $530 paid by the defendant. The defendant alleges that he is the victim of a fraudulent claim that he was the father of plaintiff's child; that he signed the agreement under duress while unrepresented by counsel; and that he stopped payments under the agreement when his wife discovered it, and paid thereafter only $100 on demand of the plaintiff. The agreement is, of course, supported by the consideration arising from the obligation imposed by the relationship (see *Todd v Weber,* 95 NY 181, 189; *Burger v Neumann,* 189 Misc 88, affd 272 App Div 1016). There is no duress recognized as a legal defense because the plaintiff, or mother of the child, undertook to obtain support for the child, and that as a result the defendant might be exposed as the father *(Schumm v Berg,* 37 Cal 2d 174; *Fiege v Boehm,* 210 Md 352). The claim of deception at this late date fails because the defendant recognized the agreement by making payments under it, with full knowledge of the facts he now asserts. Whether the amount of arrears is correct as alleged in the complaint, or whether the defendant has made further payments, as he claims, may be ascertained at the assessment of damages.